# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| DANIEL MAYER, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>WASTE MANAGEMENT, INC. and WASTE MANAGEMENT OF WISCONSIN, INC.,<br><br>    Defendants. | Case No.: 21-cv-984<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Wisconsin Wage Payment and Collection Laws, Wis. Stat. § 103.001 et seq., Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 109.01 *et seq.*, Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL").

## JURISDICTION AND VENUE

2. The Court has jurisdiction to grant the relief sought by Plaintiff pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

3. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this federal judicial district pursuant to 28 U.S.C. § 1391(a) and (c) because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district and the parties reside in this judicial district. Defendants regularly conduct business within this judicial district and thus are subject to personal jurisdiction within this judicial district.

## PARTIES

5. Plaintiff Daniel Mayer is an individual who resides in the Eastern District of Wisconsin (Waukesha County).

6. Plaintiff is an "employee" as defined by 29 U.S.C. § 203(e)(1) as well as Wis. Stat. §§ 103.001(5), 104.01(2), and 109.01(1r)., in that Defendants permitted Plaintiff to perform work for as a District Fleet Manager.

7. As required by 29 U.S.C. § 216(b), Plaintiff has consented in writing to be a party plaintiff in this action and the written consent form is attached hereto as <u>Exhibit A</u>.

8. Defendant Waste Management, Inc. ("Waste Management") is a foreign business corporation with its principal place of business located at 800 Capitol St., Houston, TX 77002.

9. Waste Management, Inc. is publicly-traded corporation providing waste collection and other sanitation services. Waste Management maintains annual gross revenue in excess of $14 billion.

10. Waste Management of Wisconsin, Inc. ("WMWI") is a domestic business corporation with its principal place of business located at 1001 Fannin St., Houston, TX 77002.

11. Upon information and belief, WMWI is a wholly-owned subsidiary of Waste Management and maintains annual gross revenue in excess of $500,000.00.

10. Waste Management and WMWI are each an "employer" as defined by 29 U.S.C. § 203(d), Wis. Stat. §§ 103.001(6) and 109.01(2) in that Waste Management and WMWI permitted Plaintiff to work as a District Fleet Manager. Upon information and belief, Waste Management sets uniform policies governing the work and compensation of all employees employed by Waste Management and its subsidiaries while WMWI paid Plaintiff's wages.

## FACTS

11. Waste Management, Inc. is the largest provider of waste collection and sanitation services in North America. Waste Management operates approximately 346 transfer stations, 293 active landfill disposal sites, 146 recycling plants across the United States and Canada. With approximately 26,000 vehicles, the company has the largest fleet in the waste collection industry.

12. Plaintiff was hired by Defendants as a District Fleet Manager at Defendants Menominee Falls, WI facility or around October 26, 2020. Plaintiff worked for Waste Management through May 5, 2021.

13. District Fleet Managers are primarily responsible for the oversight of the maintenance of vehicles and other equipment utilized by Waste Management within a designated area; specific responsibilities include: (1) performing routine inspections of collection vehicles and other equipment; (2) performing quality control on the maintenance of collection vehicles and other equipment; (3) maintaining a sufficient inventory of operational collection vehicles and other equipment; (4) coordinating the maintenance of collection vehicles and other equipment; (5) submitting routine maintenance and cost reports to management; and (6) ensuring the maintenance and cleanliness of the shop. District Fleet Managers are required to perform substantial physically strenuous and otherwise manual labor and are subject to a variety of hazardous working conditions. The position generally does not require the exercise of personal digressions beyond making determinations related the mechanical maintenance of collection vehicles and other equipment.

14. Given the job duties of a District Fleet Manager, mechanical expertise is an essential qualification for the position. Upon information and belief, the vast majority, if not all,

District Fleet Managers have a background working as automobile mechanics or otherwise working as a manual laborer in the automotive repair and maintenance sector.

15. While District Fleet Managers are nominally responsible for the work of various technicians who are responsible for individual vehicle maintenance at their location, they actually have no significant management duties. For example, Plaintiff had no authority to hire or interview any technicians or other employees in the garage; adjust any employees' compensation, or assert formal disciplinary actions against or otherwise terminate any employees. Such authority was reserved exclusively for Senior District Fleet Managers, which is a distinct position from a District Fleet Manager. Any supervisory responsibilities of District Fleet Managers generally entail reporting personnel concerns to the Senior District Fleet Manager. Senior District Fleet Managers and upper management have exclusive authority over all personnel-related decision-making.

16. Indeed, District Fleet Managers are often compensated at a rate less than many technicians who are exclusively responsible for manual vehicle maintenance. Upon information and belief, technicians earn from $25.50 to $29.50 per hour. As a District Fleet Manager, Plaintiff was compensated on a bi-weekly salary of $3,076.92, notwithstanding the fact that Plaintiff regularly worked in excess of sixty (60) hours per week.

17. Nevertheless, as a salaried employee, Plaintiff received no additional compensation for any hours worked in excess of forty hours per week. Indeed, upon information and belief, Waste Management kept no record of the hours Plaintiff and other District Fleet Managers worked.

18. 29 U.S.C. § 207(a)(1) provides:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of

4

goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

19.     29 U.S.C. §§ 211(c) provides:

Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders there-under. The employer of an employee who performs substitute work described in section 207(p)(3) of this title may not be required under this subsection to keep a record of the hours of the substitute work.

20.     Wis. Stats. § 103.02 provides:

No person may be employed or be permitted to work in any place of employment or at any employment for such period of time during any day, night or week, as is dangerous or prejudicial to the person's life, health, safety or welfare. The department shall investigate, ascertain, determine and fix such reasonable classification, and promulgate rules fixing a period of time, or hours of beginning and ending work during any day, night or week, which shall be necessary to protect the life, health, safety or welfare of any person, or to carry out the purposes of ss. 103.01 to 103.03. The department shall, by rule, classify such periods of time into periods to be paid for at regular rates and periods to be paid for at the rate of at least one and one-half times the regular rates. Such investigations, classifications and orders shall be made as provided in s. 103.005 and the penalties under s. 103.005 (12) shall apply to and be imposed for any violation of ss. 103.01 to 103.03….

21.     Wis. Stats. § 104.09 provides:

Each employer shall keep a record of the names and addresses of all student learners and employees, the hours of employment and wages of each, and such other records pertaining to ability as the department requires, except that an employer is not required to keep a record of the hours of employment of an employee who is exempt under rules promulgated by the department from the requirement under s. 103.02 that an employee be paid overtime compensation, as defined in s. 103.025 (1) (c), and who is not compensated on an hourly rate basis.

5

22. Wis. Admin. Code § DWD 274.03 provides: "Except as provided in s. DWD 274.08, each employer subject to this chapter shall pay to each employee time and one-half the regular rate of pay for all hours worked in excess of 40 hours per week."

## COUNT I - FLSA

23. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

24. By requiring District Fleet Managers to work in excess of forty (40) hours per week while employing them on a salaried basis with no additional compensation, Waste Management willfully declined to compensate employees for their hours worked in excess of forty hours in a single week.

25. Defendant thereby violated 29 U.S.C. § 207(a)(1).

## COUNT II - FLSA

26. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

27. Waste Management has systematically and willfully declined to keep any records of the actual hours worked by District Fleet Managers.

28. Defendant thereby violated 29 U.S.C. §§ 211(c) and 215(a)(5).

## COUNT III - WWPCL

29. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

30. By requiring District Fleet Managers to work in excess of forty (40) hours per week while employing them on a salaried basis with no additional compensation, Waste

6

Management willfully declined to compensate employees for their hours worked in excess of forty hours in a single week.

31. Defendant thereby violated Wis. Stats. §§ 103.02 and 109.03 as well as Wis. Admin. Code §§ DWD 272.12 and 274.03.

## COUNT IV - WWPCL

32. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

33. Waste Management has systematically and willfully declined to keep any records of the actual hours worked by District Fleet Managers.

34. Defendant thereby violated Wis. Stats. § 104.09 and Wis. Admin. Code §§ DWD 272.10, 272.11(1), and 274.06.

## CLASS ALLEGATIONS

35. Plaintiff brings this action on behalf of two collective actions/classes:

36. Class I consists of: All natural persons in the United States of America, who were employed by Waste Management as District Fleet Managers, (c) from August 20, 2018 through the present.

37. Class II consists of: All natural persons in the state of Wisconsin, (b) who were employed by Waste Management as District Fleet Managers, (c) from August 20, 2018 through the present.

38. Each class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of each class.

39. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.

7

40. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

41. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

42. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

43. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendant for:

(a) actual damages;

(b) statutory/liquidated damages;

(c) injunctive relief;

(d) attorneys' fees, litigation expenses and costs of suit; and

(e) such other or further relief as the Court deems proper.

Dated: August 20, 2021

**ADEMI LLP**

By: /s/ Ben J. Slatky
Shpetim Ademi (SBN 1026973)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
Phone No.: 414.482.8000
Fax No.: 414.482.8001
sademi@ademilaw.com
bslatky@ademilaw.com