UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL MAYER,

        Plaintiff,

v.                                                    Case No. 21-cv-0984-bhl

WASTE MANAGEMENT, INC., et al.,

        Defendants.

## ORDER GRANTING MOTION TO DISMISS

      On August 20, 2021, Plaintiff Daniel Mayer brought claims against two defendants, Waste Management, Inc. (WMI) and Waste Management of Wisconsin, Inc. (WMWI), for alleged violations of the federal Fair Labor Standards Act (FLSA) and the Wisconsin Wage Payment and Collection Laws (WWPCL). After several extensions, on January 10, 2022, WMWI answered the complaint and WMI filed a motion to dismiss on standing and failure-to-state-a-claim grounds. In response, Mayer amended his complaint, adding additional detail to his FLSA and WWPCL claims and naming a new, third defendant, USA Waste Management Resources, LLC (USAWM). WMWI has answered the amended pleading, but WMI and USAWM have moved to dismiss, arguing, among other things, lack of personal jurisdiction and standing. Because the Court agrees that these two defendants are not subject to the Court's jurisdiction, although on different grounds, their motion will be granted, and Mayer's claims against both will be dismissed.

## FACTUAL BACKGROUND

      Defendant Waste Management, Inc. (WMI) is a Delaware corporation with its principal place of business in Houston, Texas. (ECF No. 19-1 at 2-3.) It is a holding company that conducts substantially all operations through subsidiaries. (*Id.*) Defendant USA Waste Management Resources, LLC (USAWM) is a direct, wholly owned subsidiary of WMI. (ECF No. 19-3 at 2.) It is a New York limited liability company licensed to do business only in New York and Texas, and its employees are located solely in Texas. (*Id.*) USAWM employees provide guidance on corporate functions relating to tax, internal auditing, IT, and legal matters to operating subsidiaries

of WMI.  (*Id.* at 2-3.)  Defendant Waste Management of Wisconsin, Inc. (WMWI) is an indirect, wholly owned subsidiary of WMI operating in the state of Wisconsin.  (ECF No. 19-2 at 2.) Plaintiff Daniel Mayer worked as a District Fleet Manager at WMWI's Menominee Falls facility from late October 2020 until May 5, 2021.  (ECF No. 13 at 5.)  He claims that he never received overtime compensation despite regularly working more than 60 hours per week.  (*Id.* at 7.)  And he claims that Defendants failed to even record the hours he logged.  (*Id.*)

## LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(2), the "plaintiff bears the burden of establishing personal jurisdiction."  *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 799 (7th Cir. 2014).  "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the existence of jurisdiction."  *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003).  But the Court should construe conflicting affidavits in the plaintiff's favor.  *Id.* at 782.

Fed. R. Civ. P. 12(b)(1) empowers courts to dismiss actions for "lack of subject-matter jurisdiction."  The plaintiff bears the burden of establishing subject-matter jurisdiction.  *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).  Where the defendant challenges subject-matter jurisdiction, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists."  *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993).

## ANALYSIS

WMI and USAWM invoke Fed. R. Civ. P. 12(b)(1), (2), and (6) in support of their motion to dismiss.  Challenges under Rules 12(b)(1) and (2) implicate the Court's jurisdiction, so they must be considered at the outset to ensure the Court has the power to hear the case.  Concluding that it does not, the Court will dismiss the claims against WMI and USAWM without reaching the merits of their 12(b)(6) arguments.

**I.  The Court Lacks Personal Jurisdiction with Respect to USAWM, but Not WMI.**

Both WMI and USAWM first assert that Plaintiff's claims against them must be dismissed because this Court lacks personal jurisdiction over them.  (ECF No. 19 at 8.)  Because WMI did not raise this defense in its initial motion, it has waived any challenge to personal jurisdiction and

cannot obtain dismissal on this ground. USAWM, however, has properly challenged personal jurisdiction, and because such jurisdiction is lacking, must be dismissed from the case.

### A. WMI Has Waived Any Challenge to Personal Jurisdiction.

Generally, a party must raise the defenses listed in Rule 12(b)(2)-(5) in its first motion to dismiss, before pleading. *See* Fed. R. Civ. P. 12(g)(2), 12(h)(1)(A). Failure to do so constitutes waiver. But this general rule is complicated when the plaintiff meets a defendant's motion to dismiss not with a response brief but an amended complaint. Under those circumstances, courts do not penalize a defendant for failing to previously assert a defense that applies only to the amended complaint. *See Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). A system that liberally affords plaintiffs leave to swap the sword for the shotgun cannot justly deny defendants permission to shun the shield for the bulletproof vest. As the Seventh Circuit has cautioned, though, it is only "when an amended complaint fundamentally changes the scope or theory of the case" that "the interests of justice will generally allow a new, relevant affirmative defense to be asserted." *Burton v. Ghosh*, 961 F.3d 960, 967 (7th Cir. 2020).

In this case, WMI challenged personal jurisdiction for the first time in its second motion to dismiss, in response to Plaintiff's amended complaint. (ECF No. 18.) It suggests this was permissible because the amended complaint fundamentally changed the scope of the case—Plaintiff added an entirely new party in USAWM. (ECF No. 25 at 9-10.) The problem with this argument is that the addition of USAWM has no bearing on the relevance of personal jurisdiction with respect to WMI. *See Burton*, 961 F.3d at 967. Federal courts have no power over parties who lack certain minimum contacts with the territory in which they sit, unless those parties consent to the exercise of jurisdiction. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). The amended complaint did not alter the applicable forum. It did not rearrange the geography of the United States such that Eastern Wisconsin *only now* exists outside of Texas, where WMI is headquartered and incorporated. The existence of personal jurisdiction (or lack thereof) was therefore no less relevant to WMI before Plaintiff amended his complaint. Accordingly, failure to challenge personal jurisdiction in the initial motion to dismiss constituted waiver, and WMI may not raise the issue now in a second motion.

### B. The Court Lacks Personal Jurisdiction with Respect to USAWM.

While WMI waived personal jurisdiction by failing to raise it in its first motion to dismiss, USAWM never had the chance to do so; it was only joined as a defendant in the amended

complaint. (*See* ECF No. 13.) Thus, USAWM's challenge to personal jurisdiction is properly before the Court.

Where, as here, no federal statute authorizes nationwide service of process, personal jurisdiction is governed by the law of the forum state. *See Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012) (citing Fed. R. Civ. P. 4(k)(1)(A)). "Wisconsin's long-arm statute, Wis. Stat. § 801.05, has been interpreted to confer jurisdiction 'to the fullest extent allowed under the due process clause.'" *Felland*, 682 F.3d at 678 (7th Cir. 2012). That means, so long as personal jurisdiction would comport with the Fourteenth Amendment's Due Process clause, jurisdiction is properly established. *Id.* ("Once the requirements of due process are satisfied, then there is little need to conduct an independent analysis under the specific terms of the Wisconsin long-arm statute itself because the statute has been interpreted to go to the lengths of due process.").

Personal jurisdiction comports with Fourteenth Amendment due process if it is established either generally or specifically. *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017, 1024 (2021). General jurisdiction exists where the defendant is "at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). An incorporated business entity is at home in its state of incorporation and the location of its principal place of business, usually its headquarters. *See International Shoe Co.*, 326 U.S. at 317. The parties agree that general jurisdiction does not apply in this case because USAWM is a New York limited liability company headquartered in Texas. (ECF No. 23 at 18 n.11.)

Specific jurisdiction exists where the defendant has sufficient contacts with the forum state. *Walden v. Fiore*, 571 U.S. 277, 285 (2014). There are three essential requirements here: "(1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice." *Felland*, 682 F.3d at 673 (internal citations omitted). Plaintiff argues that the Court can exercise specific jurisdiction over USAWM because all three "minimum contacts" elements are satisfied, or, alternatively, because the defendants are "joint employers."

Traveling the traditional path first, Plaintiff alleges a laundry list of contacts between USAWM and the Wisconsin forum, including that "USAWM dictated employment policies across Waste Management entities, including policies governing compensation, . . . issued an 'Employee

Handbook' to Waste Management employees, . . . control[led] and coordinate[d] advertising for open positions across Waste Management subsidiaries, effectively soliciting the employment of Wisconsin residents, . . . [and] regularly contract[ed] with WM-WI to provide human resources services [in Wisconsin]." (ECF No. 23 at 20-21.) USAWM contests at least the first allegation. In a series of declarations attached to the motion to dismiss, representatives from each of the three defendants disclaimed national control over wage, hour, and personnel decisions. According to Courtney Tippy, WMI's Corporate Secretary, "[p]ersonnel decisions with regard to employees of the operating subsidiaries are the responsibility of the managers at the local level[.]" (ECF No. 19-1 at 4.) Thomas Beaulieu, Area Vice President for the Upper Midwest Market Area, testified that "WMWI oversees the day-to-day work, job duties, responsibilities, tasks, and functions of District Fleet Managers within the State of Wisconsin." (ECF No. 19-2 at 2.) He also stated that "WMWI managers and officers, including me, directly supervise WMWI employees, run WMWI's day-to-day operations and make WMWI personnel and wage and hour decisions." (*Id.*) Thomas Jolley, USAWM's Tax Director, testified that "USAWM does not make day to day decisions for Waste Management of Wisconsin, Inc. (WMWI), nor does it make local decisions or set local practices, policies and procedures regarding the day-to-day employment and work of District Fleet Managers within the State of Wisconsin or any other state." (ECF No. 19-3 at 3.) The Court is permitted, indeed required, to consider this extrinsic evidence because Plaintiff offers nothing beyond the pleadings to contradict it. *See Purdue Rsch. Found.*, 338 F.3d at 783. And robbed of the presumption that USAWM dictated compensation policies, Plaintiff's alleged injury looks rather attenuated from the forum-related activities he identifies. The Court "cannot simply aggregate all of a defendant's contacts with a state—no matter how dissimilar in terms of geography, time, or substance—as evidence of the constitutionally-required minimum contacts." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997).

Plaintiff's claim is that he is due unpaid overtime. How that injury arose from, for instance, USAWM's provision of human resource services is a mystery. *See Roberson v. Waste Mgmt., Inc.*, No. 15-cv-107, 2016 WL 270458, at *3 (W.D. Ky. Jan. 21, 2016) (holding that shared trade name and human resource materials were insufficient to establish personal jurisdiction). Plaintiff falls back on the notion that specific jurisdiction is warranted because USAWM "'exerts an unusually high degree of control' over its subsidiaries." (ECF No. 23 at 23 (quoting *Purdue Rsch. Found.*, 338 F.3d at 788 n.17)). But superlative adverbs do not a case make. And the Seventh

Circuit has observed that "[p]arents of wholly owned subsidiaries necessarily control, direct, and supervise the subsidiaries to some extent." *IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 540 (7th Cir. 1998). This is not sufficient to render a parent subject to a personal jurisdiction in a subsidiary's locale. Despite Plaintiff's attempt to speak it into existence, USAWM's relationship with WMWI is neither unusual nor dictatorial. *See Roberson*, 2016 WL 270458, at *3; *Price v. Waste Mgmt., Inc.*, No. 13-cv-2535, 2014 WL 1764722, at *11-12 (D. Md. Apr. 30, 2014). Additionally, adopting Plaintiff's definition of an "unusually high degree of control" "would render a parent corporation liable to suit in literally any state where the employees of its subsidiaries live, so long as the parent engaged in any sort of corporate-wide policy-making upon which a suit could be brought." *Wright v. Waste Pro USA Inc.*, No 2:17-cv-2654, 2019 WL 3344040, at *11 (D.S.C. July 25, 2019). That would defeat a major purpose behind the creation of subsidiaries and holding companies—liability mitigation. *Id.* Principles of due process and corporate liability balance on an interwoven foundation, carefully raised to preserve the structural integrity of both. The Court rejects Plaintiff's invitation to haphazardly bulldoze that foundation.

Plaintiff's alternate theory premises personal jurisdiction on joint employer liability. At least one district court has held that specific jurisdiction exists where multiple employers form a "single enterprise" and one of those employers satisfies the minimum contacts analysis. *See Gilbert v. Freshbikes, LLC*, 32 F. Supp. 3d 594, 606 (D. Md. 2014). Of course, "the weight of the authority on this question" cuts the other way. *Wright*, 2019 WL 3344040, at *11 (collecting cases). But the Court need not adjudicate that dispute because Plaintiff has failed to plausibly allege that USAWM is his "joint employer." Under Seventh Circuit precedent, "for a joint-employer relationship to exist, each alleged employer must exercise control over the working conditions of the employee, although the ultimate determination will vary depending on the specific facts of each case." *Moldenhauer v. Tazewell-Pekin Consol. Comms. Cntr.*, 536 F.3d 640, 644 (7th Cir. 2008). In *Moldenhauer*, the Court refused to find a joint employer relationship where the plaintiff could not identify any instances of the alleged employer hiring an employee, determining working conditions, or deciding compensation. *Id.* at 645. *Moldenhauer* favorably cited the Ninth Circuit's decision in *Moreau v. Air France*, 343 F.3d 1179, 1190 (9th Cir. 2003), *amended by* 356 F.3d 942, 950-51 (9th Cir. 2004), where the Court rejected a joint employer theory because the alleged employer "could not hire or fire employees, determine salaries, or direct day-to-day activities." *Moldenhauer*, 536 F.3d at 644. While the Seventh Circuit has cautioned that

these are not necessarily the only relevant factors to consider, they are particularly instructive in cases where "it is clear that some entity is an 'employer'[.]" *Vanskike v. Peters*, 974 F.2d 806, 809 (7th Cir. 1992). In the present case, USAWM cannot hire or fire WMWI employees and does not control wage, hour, or personnel decisions. (ECF No. 19-3.) Although USAWM supplies an employee handbook, coordinates advertising, and contracts to provide human resource services, those actions do not demonstrate control over Plaintiff's working conditions. *See Moldenhauer*, 536 F.3d at 645 (focusing on the alleged employer's ability to control working conditions, not whether it contracted with another employer to provide certain services). The specific facts of this case preclude labeling USAWM a joint employer, so Plaintiff's alternative theory of personal jurisdiction fails as well, and USAWM must be dismissed from the case.

## II. Plaintiff Lacks Standing to Assert His Claims Against WMI.

WMI also seeks dismissal under Rule 12(b)(1), insisting that because it is not Mayer's employer, he lacks standing to assert FLSA or WWPCL claims against it. (ECF No. 19 at 15.) As with personal jurisdiction, the Court cannot adjudicate a plaintiff's claims if the plaintiff lacks standing to assert them against the defendant. In every civil case, the plaintiff must establish the three elements of Article III standing: "(1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "Under the FLSA, alleged employees' 'injuries are only traceable to, and redressable by, those who employed them.'" *Berger v. National Collegiate Athletic Ass'n*, 843 F.3d 285, 289 (7th Cir. 2016) (quoting *Roman v. Guapos III, Inc.*, 970 F. Supp. 2d 407, 412 (D. Md. 2013)). In short, FLSA only empowers a plaintiff to sue his employer. The same goes for the WWPCL. *See* Wis Stat. §109.09.

Plaintiff, relying on the Supreme Court's decision in *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006), argues that WMI's status as "employer" is not properly before the Court on a Rule 12(b)(1) motion to dismiss because such status is not jurisdictional. (ECF No. 23 at 13.) In *Arbaugh*, the Court held that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." 546 U.S. at 516. Specifically, the Court found that the 15-employee threshold for a Title VII claim was not

jurisdictional because it appeared, not in Title VII's jurisdictional provision but a separate provision that did "'not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts.'" *Arbaugh*, 546 U.S. at 515 (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982)). But Plaintiff's is not a Title VII case, and the FLSA does not treat employer status the same way Title VII treats the 15-employee threshold. Under the FLSA, "[a]ny *employer* who violates the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation[.]" 29 U.S.C. §216(b) (emphasis added). "An action to recover the liability prescribed . . . may be maintained against any *employer* . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." *Id.* (emphasis added). The requirement that a plaintiff maintain suit against an employer is therefore quite clearly part of the jurisdictional provision and properly considered at the Rule 12(b)(1) motion to dismiss stage. This is consistent with Seventh Circuit precedent. *See Berger*, 843 F.3d at 289 (finding that plaintiffs who had not plausibly alleged an employment relationship lacked standing to sue under the FLSA).

All that remains is a virtual retread of the joint employer analysis from Part I.B. If Plaintiff cannot show that WMI is his "joint employer," then he has no standing to sue it under the FLSA because a plaintiff can only bring a FLSA action against his employer. For the same reasons discussed earlier, none of Plaintiff's uncontroverted allegations establish that he is jointly employed by both WMWI and WMI. Nothing in the record indicates that WMI has any reasonable ability to control a WMWI employee's working conditions. Absent such evidence, the Court cannot label WMI a joint employer. *See Moldenhauer*, 536 F.3d at 645.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants WMI's and USAWM's motion to dismiss (ECF No. 18) is **GRANTED.** The claims against WMI are dismissed pursuant to Fed. R. Civ. P. 12(b)(1). The claims against USAWM are dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

Dated at Milwaukee, Wisconsin on April 25, 2022.

s/ *Brett H. Ludwig*  
BRETT H. LUDWIG  
United States District Judge